Louis Chang, SBN 268255
413 Third Street
Oakland, CA 94607
Telephone:    510-451-2124
Facsimile:    510-451-2448

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LU HUANG and CHIH YU CHENG, | ) | Action No. C 11-01984 TEH |
| Plaintiffs, | ) | |
| vs. | ) | FIRST AMENDED COMPLAINT |
| | ) | FOR VIOLATION OF CIVIL |
| COUNTY OF ALAMEDA, a governmental entity; | ) | RIGHTS AND DAMAGES |
| GREGORY J. AHERN, in his capacity as Sheriff | | (42 U.S.C. § 1983) |
| of COUNTY OF ALAMEDA; TODD A. OWEN, | ) | |
| as an individual; Officer DEISE, as an individual; | | |
| Officer MINES, as an individual; Officer HEN- | ) | |
| DERSON, as an individual; | | |
| and DOES 1 through 25, | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Upon information and belief, Plaintiffs allege:

## INTRODUCTION

1. This is an action brought under Title 42 of the United States Code, Section 1983, and other state laws, to recover damages against defendants for, *inter alia*, violations of Plaintiff Lu Huang's right to be given a prompt probable cause determination under the Fourth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION

2. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in Alameda County, which is within this judicial district. Venue is conferred upon this Court by Title 28 of the United States Code, Section 1391(b).

3. This court's jurisdiction over the state causes of action in this Complaint is proper under Title 28 of the United States Code, Section 1367 because said causes of action arise from the same common nucleus of operative facts.

## INTRADISTRICT ASSIGNMENT

4. Pursuant to Civil Local Rule 3-2(c), this action should be assigned to the Oakland Division of the District Court because all relevant facts arose in Alameda County.

-1-

**PARTIES**

5.  Plaintiff LU HUANG was at all times mentioned in this complaint a person under the jurisdiction of the United States, and a resident of Alameda County, California.

6.  Defendant COUNTY OF ALAMEDA ("COUNTY") is a governmental entity, duly organized and existing under the laws of the State of California with the capacity to be sued.

7.  At all times mentioned herein, Defendant GREGORY J. AHERN, was the Sheriff for the COUNTY. Defendant Gregory Ahern is sued herein in his official capacity as Sheriff for the COUNTY.

8.  At all times mentioned herein, Defendants Officer TODD A. OWEN (Badge #019935); Officer DEISE (first name unknown, Badge #19059); Officer MINES (first name unknown, Badge #18599); Officer HENDERSON (first name unknown, Badge #19066), were employed by the California Highway Patrol. In engaging in the conduct described in this complaint, said defendant officers acted under color of law, in the course and scope of their employment by the California Highway Patrol, and are being sued in their individual capacities.

9.  Defendants DOES 1 through 5, inclusive, were, at all relevant times, California Highway Patrol Officers employed by the California Highway Patrol, who were directly involved in the operative facts underlying this complaint and are being sued in their individual capacities.

10.  Defendants DOES 6 through 12, inclusive, were, at all relevant times, deputy sheriffs employed by Defendant COUNTY, who were directly involved in the operative facts underlying this complaint. Said defendant deputies acted under color of law and in the course and scope of their employment by the COUNTY and are sued herein in both their individual and official capacities.

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)**
HUANG v. COUNTY OF ALAMEDA, et al.

11. Defendants DOES 13 through 19, inclusive, were, at all relevant times, employees or agents of Defendant COUNTY, who were directly involved in the operative facts underlying this complaint. Said defendants acted under color of law and in the course and scope of their employment by the COUNTY during all times relevant to this Complaint. All Doe Defendants in this paragraph are sued in both their individual and official capacities.

12. Defendants DOES 20 through 25, inclusive, were acting within their course and scope of government employment in a supervisory capacity and were responsible in some manner for properly and adequately hiring, retaining, supervising, disciplining, and training their subordinates. Defendant DOES 20 through 25 are being sued in both their individual and official capacities.

13. Plaintiffs are ignorant of the true names and capacities of defendant DOES 1 through 25, and therefore sues these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant named is responsible in some manner for the injuries and damages suffered by Plaintiffs as set forth in this Complaint. Plaintiffs will amend this Complaint to state the true names and capacities of Defendants DOES 1 through 25 when they have been ascertained.

14. For state causes of action related to the federal claims asserted in this Complaint, Plaintiff Lu Huang is required to comply with administrative claim requirements under California law and has complied with said state laws.

-3-

## STATEMENT OF FACTS

15. On the morning of April 24, 2010, Plaintiff Lu Huang was involved in a motor vehicle accident on Interstate 80 in Berkeley, California. His vehicle went out of control and collided into several other vehicles on the interstate. Defendant Officer Todd Owen (Badge # 19059) of the California Highway Patrol ("CHP") was among the emergency personnel to respond to the scene of the accident.

16. From the scene of the accident, Mr. Huang was transported to the Alameda County General Hospital ("Highland Hospital"). At Highland Hospital, Mr. Huang was injected , on multiple occasions with powerful sedatives such as Midozolam and Geodon IM. His arms, legs, and neck were physically restrained by staff.  Then, during a period of objective hallucinations being experienced by Plaintiff Huang, and without securing an intelligent waiver of Miranda rights, Officer Owen and/or other government agents interrogated Plaintiff Huang and used his unintelligent answers as a basis for arresting him for driving under the influence of alcohol and/or drugs.

17. At some point during his stay at Highland Hospital, one of Plaintiff Huang's restraints was removed and Plaintiff Huang caused physical injury to himself, in the presence of at least Defendant Officer Todd Owen. Despite witnessing said injury, medical treatment for Mr. Huang's injury was not summoned or administered by Officer Owen. Mr. Huang was simply transported to Santa Rita Jail without medical attention for his injury.

18. Plaintiff Huang was completely processed into Santa Rita Jail on the afternoon of the accident, April 24, 2010, no later than 6:04 p.m. He was designated a mental ward inmate by Officer Owen and remained jailed for more than 3 days without being given a probable cause determination or taken before a judicial officer for the entire duration of his detention.

19. Plaintiff Huang was released from Santa Rita Jail on Tuesday night, April 27, 2010 without any charged filed against him by the Alameda County District Attorney's office ("D.A.").

20. After his release, Mr. Huang learned that he had been fired from his job at E-Commerce in Berkeley, for failure to appear at work.

21. Nearly 3 months later, a felony criminal complaint was filed against Plaintiff by the D.A., whereupon Mr. Huang presented himself to the superior court and was again taken into custody by deputies of the Alameda County Sheriff's Office. Again, Plaintiff Huang was detained in Santa Rita Jail for the same underlying incident. Plaintiff Huang spent an additional 6 days in jail without a preliminary hearing.

22. Plaintiff posted bail on July 24, 2010. On September 1, 2010, the D.A. dismissed Plaintiff's felony charge of Driving Under the Influence for lack of evidence.

23. Plaintiff believes that he suffered a violation of his right to be free of unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution in that he was not provided a prompt probable cause determination after warrantless arrest.

24. Plaintiff believes that he suffered violations of his rights to be free from self-incrimination and deprivation of liberty without due process of law under the Fifth and Fourteenth Amendments to the United States Constitution. Mr. Huang's sedative-induced statements and demeanor at Highland Hospital were used by law enforcement officers to justify Plaintiff's jailing for a felony charge that was later voluntarily dismissed by the D.A. for lack of evidence.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)
HUANG v. COUNTY OF ALAMEDA, et al.

**DAMAGES**

25. As a direct and proximate result of the actions, inactions, customs, practices, and policies of the defendants identified in this Complaint, Plaintiffs have suffered damages, including loss of Constitutional rights, loss of liberty, loss of employment, loss of earning capacity, loss of driving privileges, personal injury, loss of consortium, emotional distress, and pain and suffering.

26. As a result of the actions, inactions, customs, practices, and policies of the defendants identified in this Complaint, Plaintiff Lu Huang incurred medical expenses in an amount to be proved at trial.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1983) – PROBABLE CAUSE DETERMINATION**

(Against defendants COUNTY; GREGORY J. AHERN; TODD A. OWEN [Badge #019935]; Officer DEISE [Badge #19059]; Officer MINES [Badge #18599]; Officer HENDERSON [Badge #19066]; and DOES 1 through 25, inclusive)

27. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 26 of this Complaint.

28. In doing the acts complained of herein, named defendant TODD OWEN and DOES 1 through 25, inclusive, acted under color of law to deprive Plaintiff LU HUANG of his Constitutionally protected rights, including but not limited to:

   A.  The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

29. The supporting facts underlying this cause of action are, but not limited to, the facts that Plaintiff Huang was placed under warrantless arrest by defendants acting under color of law, and he

-6-

was not provided a prompt probable cause determination as required by the 4th Amendment to the United States Constitution. Plaintiff Huang suffered damages that were substantially caused by his deprivation of said probable cause determination.

## SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983) – RIGHT TO SILENCE

(Against defendants COUNTY; GREGORY J. AHERN; TODD A. OWEN [Badge #019935]; Officer DEISE [Badge #19059]; Officer MINES [Badge #18599]; Officer HENDERSON [Badge #19066]; and DOES 1 through 25, inclusive)

30. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 29 of this Complaint.

31. In doing the acts complained of herein, named defendant TODD OWEN and DOES 1 through 25, inclusive, acted under color of law to deprive Plaintiff of his Constitutionally protected rights, including but not limited to:

    A.  The right to be free from self-incrimination, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

    B.  The right to be free from a deprivation of liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

32. The supporting facts underlying this cause of action are, but not limited to, the facts alleged in Paragraph 16 of this Complaint.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)
HUANG v. COUNTY OF ALAMEDA, et al.

## THIRD CAUSE OF ACTION
## FALSE IMPRISONMENT

(Against defendants COUNTY; GREGORY J. AHERN; TODD A. OWEN [Badge #019935]; Officer DEISE [Badge #19059]; Officer MINES [Badge #18599]; Officer HENDERSON [Badge #19066]; and DOES 1 through 25, inclusive)

33. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 32 of this Complaint.

34. Named Defendant TODD OWEN and defendants DOES 1 through 25, inclusive, held Plaintiff Huang in custody.

35. There was an unnecessary delay, totaling in excess of 76 hours, in taking Plaintiff Huang before a judicial officer or releasing him.

36. Plaintiff did not consent to this delay and was actually harmed by it.

37. The conduct of Defendants was a substantial factor in causing Plaintiffs harm.

## FOURTH CAUSE OF ACTION
## NEGLIGENT HIRING, SUPERVISION, AND/OR RETENTION

(Against defendants COUNTY; GREGORY J. AHERN; TODD A. OWEN [Badge #019935]; Officer DEISE [Badge #19059]; Officer MINES [Badge #18599]; Officer HENDERSON [Badge #19066]; and DOES 13 through 25, inclusive)

38. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 37 of this Complaint.

39. Plaintiff is informed and believes and thereon alleges that prior to the date of the subject incident on 04/24/2010, named defendants Officer TODD A. OWEN (Badge #019935); Officer

-8-

DEISE (Badge #19059); Officer MINES (Badge #19059); Officer HENDERSON (Badge #19066) and defendant DOES 1 through 19 were trained to not hold inmates in jail for longer than 48 hours without a probable cause hearing.

40. Plaintiff is further informed and believes and thereon alleges, that despite having such notice of said practices, defendants negligently ratified, condoned, encouraged and/or tacitly authorized the standard procedure of violating such training.

## FIFTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(Against defendants TODD A. OWEN [Badge #019935]; Officer DEISE [Badge #19059]; Officer MINES [Badge #18599]; Officer HENDERSON [Badge #19066]; and DOES 1 through 25, inclusive)

41. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 40 of this Complaint.

42. Defendant TODD OWEN and DOES 1 through 25, inclusive were negligent in their care and custody of Plaintiff Huang.

43. Such negligent care of a Plaintiff Huang in government custody rose to a level of conduct that was arbitrary and/or shocked the conscience.

44. Plaintiff suffered serious emotional distress as a result of Defendants' negligent conduct.

45. Defendants' negligent conduct was a substantial factor in causing Plaintiff serious emotional distress.

-9-

**SIXTH CAUSE OF ACTION**
**(42 U.S.C. § 1983) – RIGHT TO SUBSTANTIVE DUE PROCESS**

(Against defendants TODD A. OWEN [Badge #019935]; Officer DEISE [Badge #19059]; Officer MINES [Badge #18599]; Officer HENDERSON [Badge #19066]; and DOES 1 through 25, inclusive)

46. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 45 of this Complaint.

47. In doing the acts complained of herein, named defendant TODD OWEN and DOES 1 through 25, inclusive, acted under color of law to deprive Plaintiff Lu Huang of his Constitutionally pro- tected rights, including but not limited to:

    A.   The right to substantive due process, as guaranteed by the Fourteenth Amendment to the United States Constitution.

48. The facts supporting this cause of action include, but are not limited to, the facts alleged in Pa- ragraph 16 of this Complaint and Defendants' deliberate indifference to the medical needs of Plaintiff Huang while he was a pretrial detainee in Defendants' custody.

**SEVENTH CAUSE OF ACTION**
**LOSS OF CONSORTIUM**

(Against All Defendants)

49. Plaintiff CHIH YU CHENG incorporates by this reference Paragraphs 1 through 45 of this Complaint. Plaintiff CHIH YU CHENG was at all times relevant hereto and remains Plaintiff Lu Huang's wife. As a result of Plaintiff Huang's injuries, caused by defendants' acts, Plaintiff Huang has been unable to provide the assistance, love, comfort, affection and companionship he

-10-

customarily provided to plaintiff CHIH YU CHENG in the marital relationship, and Plaintiff CHIH YU CHENG has been deprived thereof. Therefore, plaintiff CHIH YU CHENG seeks damages for her loss of her husband's consortium.

**PRAYER**

WHEREFORE, plaintiffs pray for judgment against defendants as follows:

a. For compensatory damages, in an amount to be determined according to proof at trial;

b. For reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

c. For costs of suit incurred in this action; and

d. For such other and further relief as the Court deems proper.

Respectfully Submitted,

Dated: July 26, 2011

_____
Louis Chang
Attorney for Plaintiffs

-11-