IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LU HUANG AND CHIH YU CHENG,

              Plaintiff,

v.

COUNTY OF ALAMEDA et al,

              Defendant.

NO. C11-01984 TEH

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND DENYING MOTION FOR A MORE DEFINITE STATEMENT

      This matter comes before the Court on a Motion to Dismiss brought by the California Highway Patrol Officers named as Defendants ("CHP Defendants" or, for the purposes of this Order, "Defendants"). The CHP Defendants seek dismissal of the Complaint in its entirety, or, in the alternative, request that the Court order the Plaintiffs to file a more definite statement. Oral argument was held on October 17th, and, having carefully considered the arguments advanced both at the hearing and in the parties' briefs, the Court now GRANTS IN PART and DENIES IN PART the Defendants' motion to dismiss, and DENIES the Defendants' motion for a more definite statement, for the reasons set forth below.

**BACKGROUND**

      Plaintiff Lu Huang ("Huang" or "Plaintiff") was involved in an auto accident on Interstate 80 near Berkeley, California on April 24, 2010, when he lost control of his vehicle and collided with several other cars. Following his accident, he was transported to Alameda County General Hospital, where, he alleges, he was forcibly sedated and restrained by staff. After being sedated and while experiencing a period of hallucinations, he was interviewed by Officer Todd Owen ("Owen"), a California Highway Patrol Officer who had responded to the scene of the accident.

Plaintiff alleges that Owen and/or other officers of the California Highway Patrol ("CHP") interrogated him without securing an intelligent waiver of his Miranda rights, and, on the basis of this interrogation, arrested him for driving under the influence of alcohol or drugs. Before being transported from the hospital to Santa Rita Jail, Plaintiff Huang alleges that he accidentally injured himself, and no care was administered or summoned by Officer Owen or the other CHP officers present.

Shortly after six p.m. that day, Huang was processed into Santa Rita Jail, where he remained for over three days. In that time, he was never given a probable cause determination hearing, nor was he taken before any judicial officer. He was released without charges on the night of Tuesday, April 27, and subsequently discovered he had been fired from his job due to his failure to appear for work.

Three months later, the Alameda County District Attorney's Office filed a complaint against Huang, charging him with a felony. When Plaintiff appeared in court, he was again taken into custody, and remained again in the Santa Rita Jail for six days without a preliminary hearing. After he posted bail, a little more than a month passed before the Alameda County D.A. dismissed the charges against him for lack of evidence on September 1, 2010.

On the basis of these allegations, Plaintiff Huang and his wife, Chih Yu Cheng ("Plaintiff Cheng" or "Cheng") brought suit against the County of Alameda, the Sheriff and deputies of Alameda County involved in Plaintiff Huang's confinement, and the CHP Officers involved in the arrest of Plaintiff Huang. The complaint contains seven causes of action, all alleged against the CHP Defendants, and some against the CHP Defendants as well as the other named Defendants.

The CHP Defendants now seek to dismiss all seven causes of action: violation of the Plaintiff's right to be free from unreasonable seizure and to a probable cause determination under the Fourth Amendment of the United States Constitution, violation of his right against self-incrimination and his right to due process of law, under the Fifth and Fourteenth Amendments, false imprisonment, negligent hiring, supervision, or retention, negligent

2

infliction of emotional distress, violation of Plaintiff's right to substantive due process under the Fourteenth Amendment of the United States Constitution, and loss of consortium, brought by Plaintiff Cheng against all defendants.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." This failure may be based on the absence of a cognizable legal theory, or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare System*, 534 F.3d 1116, 1121 (9th Cir. 2008). In ruling on a motion to dismiss, courts may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir.2008).

Courts must generally "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir.2007), and further accept as true all reasonable inferences which can be drawn from the facts alleged. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949–50 (2009) (citation omitted).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 550. Plausibility does not equate to probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." *Id.* Dismissal of claims that fail to meet this standard should be with leave to amend unless it is clear that amendment could not possibly cure the complaint's deficiencies. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir.1998).

**DISCUSSION**

*I. Claims Against The CHP Officers Other Than Officer Owen*

The Defendants move to dismiss all claims against the officers named in the complaint besides Officer Owen, who all parties acknowledge was personally and primarily responsible for the arrest of Mr. Huang. They argue that the complaint does not allege personal participation by any of these officers in the interrogation, arrest and subsequent jailing of Mr. Huang, and that therefore they cannot be found liable for any of the causes of action advanced by the Plaintiffs.

The Plaintiffs respond with a line of cases holding that law enforcement officers have a duty to intercede on behalf of a citizen whose constitutional rights are being violated in their presence by other officers. The Ninth Circuit has clearly held that "police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir.2000) (citing *United States v. Koon*, 34 F.3d 1416, 1447 n. 25 (9th Cir.1994), *rev'd on other grounds*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996)). "[O]fficers can be held liable for failing to intercede only if they had an opportunity to intercede." *Cunningham*, 229 F.3d 1289.

The complaint, in this case, alleges that all officers were present at the hospital, and therefore would have witnessed the violation of the Plaintiff's Fifth Amendment rights, if such a violation did, in fact, occur. Therefore, the facts are sufficient to state a claim against these Defendants, and the motion to dismiss the complaint as to these Defendants is DENIED.

4

*II. Unreasonable Seizure And The Right To A Determination Of Probable Cause Claims*

Plaintiff Huang's first cause of action claims that he was deprived of his rights under Fourth and Fourteenth Amendments against unreasonable seizure and due process of law. The basis for this cause of action is the interrogation he was subjected to while heavily sedated and the following arrest and confinement. Arrested without a warrant on a Saturday afternoon, he was deprived of any hearing for over three days, two of which–Monday, April 26 and Tuesday, April 27–were days when the courts were presumably open and a magistrate would have been available.

California law provides that individuals are entitled to a prompt probable cause determination: Cal. Penal Code section 849 requires that whenever an arrest is made without a warrant by a peace officer or private person, the person arrested must be taken before a magistrate without unnecessary delay. In general, 48 hours is the maximum allowable amount of time before a probable cause hearing, though there is no stringently fixed number–24 hours may be an unreasonable delay under certain circumstances, while more than 48 hours may, under some circumstances, be justified. *Bernard v. City of Palo Alto, et al.*, 699 F.2d 1023, 1025 (9th Cir. 1983).

In the present matter, we need not reach the question of whether the roughly 72 hours Plaintiff Huang was held without a hearing were violative, as the motion to dismiss only seeks dismissal against the CHP Defendants, who persuasively argue that Officer Owen and the other officers involved in Mr. Huang's arrest are not liable for the violations Mr. Huang may have suffered after being delivered to the jail.

Though there is some authority suggesting a peace officer can face liability for an unreasonably prolonged detention even after delivering that arrestee to the custody of another (*see Moran v. Beckley*, 67 F2d 161, 164-165 (4th Cir. 1933), *Knight v. Baker*, 117 Or. 492, 496 (1926)) there is also authority holding that an arresting officer's duty ends when he delivers custody of the arrestee to another, and therefore cannot be held liable for unreasonable delay in detention when he was no longer responsible for the arrested person's

confinement. *See Lemel v. Smith*, 64 Nev. 545, 569 (1947); *Kalish v. White*, 36 Cal.App 604, 608 (1918).

In this case, Officer Owen brought the Plaintiff to the jail, and caused him to be confined there. However, the Court can find nothing in the complaint, explicitly or implicitly, suggesting that Officer Owen (or any other CHP officer) was actually involved in the process that followed. The length of Mr. Huang's stay in the jail, and his deprivation of the hearing to which he was entitled do not seem to have been within Officer Owen's control. Mr. Huang, once in the jail, was in the custody of the Sheriff, whose charge it would have been to handle the logistics of a probable cause hearing, were Mr. Huang to have had one.

The implications of holding an arresting officer–whose control over his arrestee's detention ends once he delivers him to the jail–liable for unreasonable delays following jailing are troublesome: there is no use in creating a threat of suit as an incentive to conscientious action where the individual subject to that threat has no clear ability to actually carry out the conscientious act. Therefore, insofar as the first cause of action pertains to Plaintiff Huang's confinement–and not his arrest–the motion to dismiss the first cause of action is GRANTED, with leave to amend.

*III. False Imprisonment*

While the first cause of action seems limited in its scope to the denial of a probable cause hearing, the third cause of action, alleging false imprisonment, is somewhat broader in its construction. The third cause of action incorporates all facts alleged in the complaint, including the arrest itself, as well as the period of confinement in the jail. While first cause of action alleged that the denial of a probable cause determination–something for which Officer Owen was not directly responsible–constituted a violation of Mr. Huang's rights, this cause of action simply alleges that Mr. Huang was taken into custody by the CHP Officers, detained and delayed, without his consent, resulting in actual harm to Mr. Huang caused by the CHP Officer's acts.

6

"The crime of false imprisonment is defined by Penal Code section 236 as the 'unlawful violation of the personal liberty of another.' The tort is identically defined. (*Molko v. Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1123 [252 Cal.Rptr. 122, 762 P.2d 46].) As ... recently formulated [in *Molko* ], the tort consists of the 'nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short.'" *Fermino v. Fedco, Inc.*, 7 Cal.4th 701, 715 (1994).

False arrest and false imprisonment are not separate torts in California, "[f]alse arrest is but one way of committing a false imprisonment." *Collins v. San Francisco*, 50 Cal.App.3d 671, 673 (1975). In the context of cases where an arrest is made by peace officers, "Penal Code § 847(a) protects police officers from civil liability for false arrest or imprisonment arising out of an arrest if the arrest is lawful or the officer had reasonable cause to believe it was lawful. The existence of probable cause is necessary but not by itself sufficient to establish an arrest's lawfulness." *George v. City of Long Beach,* 973 F.2d 706, 710 (9th Cir. 1992).

In the instant case, the complaint alleges facts sufficient to sustain a claim of false imprisonment. The complaint alleges that the officers "used [Mr. Huang's] unintelligent answers as a basis for arresting him for driving under the influence of alcohol and/or drugs." (Complaint at ¶ 16). Given the condition of Mr. Huang at the time of his questioning, it is reasonable to infer that the unreliability of his answers would have been apparent, and that to make an arrest on the basis of these answers could constitute an unlawful seizure. The complaint has properly alleged nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, and therefore has alleged the facts necessary to state a plausible claim for relief. The motion to dismiss this claim is DENIED.

IV. *Right To Silence and Substantive Due Process Claims*

The CHP Defendants, treating the second and sixth causes of action as one, advance the argument that the interrogation of Mr. Huang at the hospital does not rise to the standard of conduct which "shocks the conscience," required by *Rochin v. California*, 342 U.S. 165,

7

172 (1952) to state a Fourteenth Amendment substantive due process claim.  They contend that the questioning of the Plaintiff while he was in an apparently hallucinatory state does not constitute conduct that shocks the conscience, but, rather, "is the type of routine investigatory conduct that is expected of a reasonable California Highway Patrol officer charged with the responsibility of investigating traffic collisions." (Mot. To Dismiss at 8).

Whether or not it is reasonable for an officer to interrogate a drugged, hallucinating individual under any circumstances is a question the Court need not address at this time: whether conduct rises to the level of "shock[ing] the conscience" is a question of fact for a jury to decide, not a question of law for the Court.  Accordingly, the motion to dismiss the second and sixth causes of action is DENIED.

*IV. Negligent Hiring*

Though the Defendants' motion is silent as to this and all remaining causes of action, the Defendants did contend, at oral argument, that this cause of action should be dismissed, as there is no allegation that any of the CHP Defendants were involved in hiring, supervising, or training any wrongdoers in this case.  Rather, the complaint alleges that these officers were trained not to hold individuals in custody for more than 48 hours, and that they collectively ratified or condoned actions in conflict with this training. The Defendants' point that there is no allegation of hiring, supervision, or retention is well-taken, though the possibility that the Plaintiff may be able to allege facts to remedy the failings of this claim is likewise noted. Therefore the motion to dismiss is GRANTED as to this claim, and the fourth cause of action is DISMISSED with leave to amend.

*V. Negligent Infliction Of Emotional Distress, and Loss Of Consortium*

These claims were not addressed in the motion to dismiss, nor adequately addressed at oral argument, and therefore the motion to dismiss the third, fifth and seventh causes of action is DENIED.

*VI. Motion For A More Definite Statement*

Defendants move, in the alternative, for a more definite statement under Federal Rule of Civil Procedure 12(e), contending that the complaint, as it currently stands, is so vague or ambiguous that it does not allow them to reasonably prepare a response. Their motion does not state specifically what aspects of the complaint they believe are so vague as to render response unreasonably difficult, and the Court does not find, upon reviewing the complaint, that the allegations therein are significantly vague or ambiguous. Accordingly, the motion for a more definite statement is DENIED.

**CONCLUSION**

For the reasons stated above, the motion to dismiss the complaint against the CHP Defendants is GRANTED as to the first and fourth causes of action, which are dismissed with leave to amend, and DENIED as to all other causes of action. The motion for a more definite statement is DENIED.

**IT IS SO ORDERED.**

Dated: 10/20/2011

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT