KAMALA D. HARRIS
Attorney General of California
TYLER B. PON
Supervising Deputy Attorney General
WILFRED FONG
Deputy Attorney General
State Bar No. 154303
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 622-2114
 Facsimile:  (510) 622-2121
*Attorneys for Defendants CHP Officers Owen, Deise, Mines and Henderson*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **LU HUANG and CHIH YU CHENG,**<br><br>Plaintiffs,<br><br>v.<br><br>**COUNTY OF ALAMEDA, a governmental entity, GREGORY J. AHERN, in his capacity as SHERIFF OF COUNTY OF ALAMEDA; TODD A. OWEN, as an individual; OFFICER DEISE, as an individual; OFFICER MINES, as an individual; OFFICER HENDERSON, as an individual; and DOES 1 through 25,,**<br><br>Defendants. | Case No. C11-01984<br><br>**ANSWER BY CHP OFFICERS OWEN DEISE, MINES AND HENDERSON TO FIRST AMENDED COMPLAINT** |

    COMES NOW Defendants, CHP Officers Owen, Deise, Mines and Henderson, and in response to the first amended complaint (hereafter complaint) on file herein admit, deny, and allege as follows:

    1.    Answering paragraphs 1-4, defendants admit that jurisdiction and venue are proper.  Defendants deny the remaining allegations.

    2.    Answering paragraph 5, defendants lack sufficient information, and therefore deny

this allegation.

3. Answering paragraph 6, admitted.

4. Answering paragraph 7, defendants lack sufficient information, and therefore deny this allegation.

5. Answering paragraph 8, defendants admit that Officers Owen, Deise, Mines and Henderson are employed by the California Highway Patrol, and were acting in the course and scope of their employment. Defendants deny the remaining allegations.

6. Answering paragraphs 9-13, defendants lack sufficient information, and therefore deny these allegations.

7. Answering paragraph 14, defendants admit that plaintiffs must comply with the claims requirement under California law. Defendants deny the remaining allegations.

8. Answering paragraph 15, admitted.

9. Answering paragraph 16, defendants admit that Plaintiff Huang was transported to Highland Hospital from the scene of the accident, and was restrained by hospital staff. Defendants lack sufficient information regarding whether Huang was injected with sedatives, and therefore deny that allegation. Defendants deny the remaining allegations.

10. Answering paragraph 17, defendants admit that Huang injured himself at Highland Hospital. Defendants deny the remaining allegations.

11. Answering paragraph 18, defendants admit that Huang was processed into Santa Rita Jail on April 24, 2010. Defendants deny the remaining allegations due to lack of sufficient information.

12. Answering paragraphs 19-22, defendants lack sufficient information, and therefore deny these allegations.

13. Answering paragraph 23-26, denied.

14. Paragraphs 27-29 have been dismissed as to answering defendants.

15. Answering paragraphs 30, 33, 41, and 46, defendants incorporate all previous responses.

16. Answering paragraphs 31-32, denied.

17. Answering paragraphs 34, admitted as to defendant Owen. Denied as to DOES 1 through 25 due to insufficient information.

18. Answering paragraph 35, denied due to insufficient information.

19. Answering paragraphs 36-37, denied.

20. Paragraphs 38-40 have been dismissed as to answering defendants.

21. Answering paragraph 40, denied.

22. Answering paragraphs 42-45, denied.

23. Answering paragraphs 47-48, denied.

24. Answering paragraph 49, defendants incorporate all previous responses. Defendants deny the remaining allegations.

AS SEPARATE AND AFFIRMATIVE DEFENSES, answering Defendants allege as follows:

AFFIRMATIVE DEFENSE NO 1

The complaint and each cause of action therein fail to allege facts sufficient to constitute a cause of action.

AFFIRMATIVE DEFENSE NO. 2:

The complaint and each cause of action therein are uncertain.

AFFIRMATIVE DEFENSE NO. 3:

The complaint and each cause of action therein are barred by the two-year statute of limitations of Code of Civil Procedure section 335.1.

AFFIRMATIVE DEFENSE NO. 4:

Should any plaintiff herein recover damages, the amount thereof should be abated, apportioned and reduced to the extent that the negligence of any other person or entity caused or contributed to damages, if any there were.

AFFIRMATIVE DEFENSE NO. 5:

Plaintiffs herein willingly, voluntarily and knowingly assumed each and all of the risks and hazards involved in the activities alleged in the complaint.

///

AFFIRMATIVE DEFENSE NO. 6:

Any and all alleged happenings and events, damages and injuries, if any there were, were proximately caused and contributed to by the negligence of plaintiffs and others, each and all of whom failed to exercise ordinary care at the times and places alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 7:

Pursuant to Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided prior to commencement of trial.

AFFIRMATIVE DEFENSE NO. 8:

Defendants owed no duty of care to the plaintiffs.

AFFIRMATIVE DEFENSE NO. 9:

The damages alleged in the complaint herein are subject to a full or partial set-off.

AFFIRMATIVE DEFENSE NO. 10:

At all relevant times, each defendant acted independently and not in association or concert with or as agent or servant of any other defendant, including any sued herein under fictitious names, or of the employees or agents of other defendants.

AFFIRMATIVE DEFENSE NO. 11:

Answering defendants were at all relevant times acting within the course and scope of duty of public employment.

AFFIRMATIVE DEFENSE NO. 12:

Plaintiffs' own conduct estops plaintiffs from claiming the damages alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 13:

The complaint and each cause of action therein are barred and this court is without jurisdiction as there has been a failure to exhaust administrative remedies.

AFFIRMATIVE DEFENSE NO. 14:

The causes of action therein are subject to the statutory limitation of Civil Code section 1431, et seq., relating to joint and several liability for economic and noneconomic damages.

AFFIRMATIVE DEFENSE NO. 15:

Pursuant to Government Code sections 962 and 984, any judgment entered herein may be paid by periodic payments rather than in a lump sum.

AFFIRMATIVE DEFENSE NO. 16:

At all relevant times, plaintiffs failed to mitigate injury and damages.

AFFIRMATIVE DEFENSE NO. 17:

Because the complaint is couched in conclusory terms, all affirmative defenses that may be applicable to the within action cannot be fully anticipated.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is reserved.

AFFIRMATIVE DEFENSE NO. 18:

There is no liability for injuries, if any there were, caused by independent contractors or third parties.  (Gov. Code, §§ 815.2, 815.4, 820.8.)

AFFIRMATIVE DEFENSE NO. 19:

The instant action is barred by the doctrine of unclean hands.

AFFIRMATIVE DEFENSE NO. 20:

The action is barred by the failure to precede the action with a claim as required by Government Code sections 945.4, 911.2, 905.2, and 950.2.

AFFIRMATIVE DEFENSE NO. 21:

If and to the extent that the allegations of the complaint attempt to enlarge upon the facts and contentions set forth in the California Victim Compensation and Government Claims Board claim, if any there was, said complaint fails to state a cause of action and is barred by Government Code sections 905.2, 911.2 and 950.2.

AFFIRMATIVE DEFENSE NO. 22:

Answering defendants made the statement and did the acts and made the omissions alleged in the complaint, if at all, in the course of employment by the State of California and plaintiffs have failed to file a claim to the California Victim Compensation and Government Claims Board as required by Government Code section 950.2.

AFFIRMATIVE DEFENSE NO. 23:

If and to the extent that any claim was presented to the California Victim Compensation and Government Claims Board, this lawsuit is untimely because it was filed more than six-months after a written notice of rejection of claim was personally delivered or deposited in the mail.  (Gov. Code Section 945.6.)

AFFIRMATIVE DEFENSE NO. 24

The detention or arrest, if any there was, alleged in the complaint was regular and lawful and made in good faith by a peace officer or peace officers acting within the course and scope of authority and with reasonable cause to believe at the time that such action was lawful.

AFFIRMATIVE DEFENSE NO. 25:

At all relevant times, plaintiffs had a duty to mitigate damages by promptly and diligently seeking employment elsewhere, but failed to mitigate the injury and damages.

AFFIRMATIVE DEFENSE NO. 26:

There was reasonable cause to make the detention or arrest, if any there was, alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 27:

At the time and place alleged in the complaint, defendants were peace officers in the course and scope of employment.  At all relevant times, defendants had reasonable cause to believe that plaintiff had committed a public offense in an officer's presence, to wit, a violation of the law of the State of California, and so believing, exercised the power, and discharged the duty, of lawful arrest.

AFFIRMATIVE DEFENSE NO. 28:

Plaintiffs willingly, voluntarily and knowingly took the risk of inciting a confrontation with, and being in proximity to a confrontation with, defendant(s), whom plaintiff(s) knew or reasonably should have known to be peace officer(s), and thereby assumed each, every and all the risks and hazards implicated by the events alleged in the complaint.  Such conduct is a reasonable implied assumption of the risk.

///

AFFIRMATIVE DEFENSE NO. 29:

Answering defendants will be entitled to reasonable attorney fees and costs of suit upon prevailing within the meaning of 42 United States Code section 1988.

AFFIRMATIVE DEFENSE NO. 30:

This court lacks subject matter jurisdiction over the causes of action alleged in the complaint herein because the allegations do not state a cause of action for Constitutional tort, or any cause of action at all.

AFFIRMATIVE DEFENSE NO. 31:

At all relevant times, defendant exercised due care and acted only in the execution or enforcement of the law.

AFFIRMATIVE DEFENSE NO. 32:

The complaint herein fails to state facts sufficient to constitute a cause of action in that simple negligence is not a federal civil rights violation. (*Daniels* v. *Williams* (1986) 474 U.S. 327 [88 L.Ed.2d 662, 106 S.Ct. 662].)

AFFIRMATIVE DEFENSE NO. 33:

The complaint fails to state a cause of action for violation of civil rights, as any deprivation of civil rights alleged in the complaint was not without due process of law.

AFFIRMATIVE DEFENSE NO. 34:

Answering defendants have not deprived any person of any right, privilege or immunity guaranteed by the Constitution or laws of the United States.  There has been no deprivation of any right, privilege or immunity guaranteed by the laws or Constitution of the United States.

AFFIRMATIVE DEFENSE NO. 35:

There is no imputed liability between public officers in actions under the Federal Civil Rights Act.

AFFIRMATIVE DEFENSE NO. 36:

All acts of defendants, if any there were, occurred in the proper exercise of police powers without malice or intent to deprive any person of any right arising under the Constitution or laws of the United States, or to do any person any other injury.

AFFIRMATIVE DEFENSE NO. 37:

Answering defendants are entitled to qualified and official and quasi-judicial immunity. Defendants acted at all times herein relevant in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States. There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly-established law. (*Harlow* v. *Fitzgerald* (1982) 457 U.S. 800, 818 [73 L.Ed.2d 396, 102 S.Ct. 2727].)

AFFIRMATIVE DEFENSE NO. 38:

There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused. (Gov. Code, §§ 815.2, 820.2.)

AFFIRMATIVE DEFENSE NO. 39:

There is no liability in that the acts alleged in the complaint, if done at all, were done in the execution and enforcement of the law while exercising due care. (Gov. Code, §§ 815.2, 820.4.)

AFFIRMATIVE DEFENSE NO. 40:

There is no liability for any injury or damages, if any there were, caused by a prisoner or to a prisoner. (Gov. Code, § 844.6.)

AFFIRMATIVE DEFENSE NO. 41:

There is no liability for any injury or damages, if any there were, caused by any decision to parole or release a prisoner, determining the conditions or terms of parole or release, or determining whether to revoke a parole or release. (Gov. Code, § 845.8, subd. (a).)

WHEREFORE, Defendants pray that:

1. Judgment be rendered in favor of Defendants and against plaintiff; and

2. Plaintiffs take nothing by the Complaint; and

3. Defendants be awarded costs of suit incurred herein; and

4. Defendants be awarded such other and further relief as the Court may deem necessary and proper.

<u>Demand for Jury Trial</u>

Answering defendants demand a trial by jury.

Dated: October 31, 2011                                    Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
TYLER B. PON
Supervising Deputy Attorney General


*/s/  WIL FONG*
_____
WIL FONG
Deputy Attorney General
*Attorneys for Defendants CHP Officers*
*Owen, Deise, Mines and Henderson*

OK2011900392
90218018.doc